MD

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Charles Marshall,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>Charles Ryan, et al.,<br><br>　　　　　　　Respondents. | No.   CV 13-1361-PHX-DGC (JFM)<br><br><br>**ORDER** |

Petitioner Charles Marshall, who is confined in the Central Arizona Correctional Facility in Florence, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  Petitioner has paid the $5.00 filing fee and filed an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will require an answer to the Petition and will deny the Application to Proceed as moot.

**I.　　Petition**

Petitioner was convicted in Maricopa County Superior Court, case #1997-000777, of seventeen counts of sexual conduct with a minor, three counts of molestation of a child, and one count of sexual exploitation of a minor, and was sentenced to a 337-year term of imprisonment.  Petitioner names Charles Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.  Petitioner raises one ground for relief.  Petitioner alleges that he was denied effective assistance of counsel through all phases of his trial.

It is unclear whether Petitioner has exhausted this claim in state court.[1] Even if the exhaustion requirement has not been met, it appears that any unexhausted claims may be procedurally barred. In light of the possibility of procedural bar, a summary dismissal would be inappropriate. *See Castille v. Peoples*, 489 U.S. 346, 351-52 (1989) (remanding where petitioner failed to exhaust claims and it was not clear whether the claims were procedurally barred). Accordingly, the Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

## II.   Warnings

### A.   Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.   Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C.   Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v.*

---

[1] Petitioner states that he has previously filed a habeas petition in federal court regarding the conviction that he is challenging in this Petition. The Court, however, could find no record of Petitioner filing a previous petition in this Court, but notes that Maricopa County Superior Court records available online indicate that a habeas application was made in Petitioner's state court case. *See* http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo.asp?caseNumber=CR1997-000777 (last visited Sept. 9, 2013).

TERMPSREF

*Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Application to Proceed (Doc. 2) is **denied** as moot.

(2) The Clerk of Court must serve a copy of the Petition (Doc. 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(3) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4) Petitioner may file a reply within 30 days from the date of service of the answer.

(5) This matter is referred to Magistrate Judge James F. Metcalf pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 11th day of September, 2013.

_____
David G. Campbell
United States District Judge

TERMPSREF