1
2
3
4
5
6

**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

7
8       Charles Marshall,
        Petitioner                          CV-13-1361-PHX-DGC (JFM)
            -vs-
9       Charles L. Ryan, et al.,            **Report & Recommendation On Petition**
        Respondents.                        **For Writ Of Habeas Corpus**
10

11                          **I. MATTER UNDER CONSIDERATION**

12          Petitioner, presently incarcerated in the Arizona State Prison Complex at

13   Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §

14   2254 on July 5, 2013 (Doc. 1).  On December 9, 2013 Respondents filed their Response

15   (Doc. 11).   Petitioner filed a Reply on January 2, 2014 (Doc. 12).

16          The Petitioner's Petition is now ripe for consideration.   Accordingly, the

17   undersigned makes the following proposed findings of fact, report, and recommendation

18   pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules

19   of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil

20   Procedure.

21

22          **II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

23   **A. FACTUAL BACKGROUND AND PROCEEDINGS AT TRIAL**

24          On January 23, 1997, Petitioner was indicted in a 44 count Indictment (Exhibit A)

25   alleging various crimes involving sexual and other abuse of a child under the age of 15,

26   and the filming of such conduct.  (Exhibits to the Answer, Doc.11, are referenced herein

27   as "Exhibit ___.")  An Amended Indictment (Exhibit B) was field on November 24,

28   1998, reducing the charges to 21 counts, and eliminating the charges regarding the

                                           1

filming.  The charges all related to conduct with Petitioner's girlfriend's sister, who was aged 9 or 10 at the time of the offenses.  (Exhibit H, Mem. Dec. 4/20/00 at 1, 9.)

Petitioner proceeded to a jury trial, and was convicted on 17 counts of sexual conduct, 3 counts of molestation, and 1 count of sexual exploitation.   (*Id.*) He was sentenced on January 22, 1999 to consecutive 20 year sentences on each of the 17 sexual conduct counts, concurrent 17 year sentences on each of the three molestation counts, to run consecutive to the other counts, and a consecutive 17 year sentence on the sexual exploitation count, a combined sentence of 374 years.  (Exhibit F, R.T. 1/22/99 at 34.)

**B. PROCEEDINGS ON DIRECT APPEAL**

Petitioner filed a direct appeal, arguing error from: (1) failure to sever charges; (2) failure to grant a mistrial as a result of testimony by the victim on uncharged misconduct; (3) failure to give a lesser-included offense instruction and a special interrogatory on the verdict forms based on the lack of evidence on the victim's age; (4) refusal to permit an argument based on "negative evidence" based on the lack of documentation of the victim's age and physical proof of penetration; (5) counts based on causing the minor to engage in self-masturbation were not covered by the statute, which requiring two or more persons be engaged in the conduct; (6) the three counts based on the self-masturbation all stemmed from a single instance of conduct; (7) two counts of sexual conduct were unsupported by evidence of penetration, as opposed to contact; and (8) refusal to clarify the disparate use of the terms vagina and vulva in the various counts.  (Exhibit G, Opening Brief.)

On April 20, 2000, the Arizona Court of Appeals rejected the arguments, and affirmed Petitioner's convictions and sentences.  (Exhibit H, Mem. Dec. 4/20/00.)

Petitioner filed a Petition for Review by the Arizona Supreme Court.  Review was denied on December 5, 2000.  (Exhibit H, Order and Mandate 1/3/01.)

/ /

/ /

### C.  PROCEEDINGS ON POST-CONVICTION RELIEF

**First PCR** – Petitioner commenced his first post-conviction relief proceeding during the pendency of his direct appeal by filing his Notice of Post-Conviction Relief on May 17, 2000.  Counsel was appointed and filed a Notice of Completion of Review (Exhibit J) indicating an inability to find a colorable claim for review.  Petitioner was granted leave to file (within 45 days) a petition in *propria persona*, with counsel to remain in an advisory capacity.  (Exhibit K, M.E. 5/23/01.)  Petitioner did not do so, and on August 6, 2001, the PCR court dismissed the proceeding.  (Exhibit L, ME. 8/6/01.)

Petitioner alleges in his Petition that he sought review from the Arizona Court of Appeals.  (Petition, Doc. 1 at 5.)  The Court's docket reflects no petition for review. (Exhibit M, Docket at 5.)  Respondents allege that no review was sought.[1]  (Answer, Doc. 11 at 6.)  "The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248.  Petitioner's Reply does not assert that the Answer is in error on this point.  The undersigned finds no evidence to counter the allegation of the Answer, and therefore finds that Petitioner did not seek further review.

**Second PCR** – Petitioner alleges that his second PCR petition was filed in November 2009.  (Petition, Doc. 1 at 4.)  Respondents allege that his second petition was filed on December 30, 2004.  (Answer, Doc. 11 at 6.)  The PCR court's minute entry in his third PCR proceeding reflects that his second PCR proceeding was disposed of on April 2, 2003.  (Exhibit O, M.E. 2/1/05.)  The PCR court's docket reflects that a "Motion for Extension of Time" was filed on March 12, 2003, and a ruling was filed on April 4,

---

[1]  The undersigned does note that the PCR court's docket reflects a "Motion for Reconsideration" being filed September 27, 2001, and apparently being denied on November 22, 2001.  (Exhibit M, Docket at 5.)  Petitioner does not argue that this extended the pendency of his first PCR proceeding.  The undersigned notes that Ariz. R. Crim. P. 32.9(a) requires that a motion for rehearing on the trial court's ruling in a PCR proceeding must be filed within fifteen days after the ruling.  Thus, it appears that such "Motion for Reconsideration" would have been untimely.

2003.[2]   (Exhibit M, Docket at 5.)   Thus, it appears that Petitioner's "Motion for Extension of Time" was construed as a PCR petition.

Based on the record provided, the undersigned finds that Petitioner's second PCR proceeding was commenced on March 12, 2003, and was dismissed on April 2, 2003.

No review was sought on this proceeding.  (*See* Exhibit M, Docket at 4-5.)

**Third PCR** – Petitioner commenced his third PCR proceeding by filing a PCR petition on December 30, 2004 (Exhibit N).  That petition was denied on February 1, 2005, based on a finding under Ariz. R. Crim. P. 32.2(a) that his "claim either was or should have been raised in the first Rule 32 proceeding." (Exhibit O, M.E. 2/1/05.)

Respondents' Answer alleges, Petitioner does not deny, and the PCR court's docket reflects, that no review was sought on this proceeding.  (*See* Answer, Doc. 11 at 6; Reply, Doc. 12; and Exhibit M, Docket at 4-5.)  The undersigned finds no review was sought.

**Fourth PCR** – Petitioner commenced his fourth PCR proceeding on March 22. 2007 by filing a Petition for Post-Conviction Relief (Exhibit P).  This petition was dismissed as untimely, and based on Arizona's waiver/preclusion bars in Ariz. R. Crim. P. 32.2(a).  (Exhibit Q, M.E. 4/12/07.)

Petitioner filed a Petition for Review (Exhibit R), which was summarily denied on January 18, 2008.  (Exhibit S, Order 1/18/08.)

Petitioner did not seek further review.  (Exhibit M, Docket at 4.)

**Fifth PCR** – Petitioner commenced his fifth PCR proceeding by filing a "Motion for Leave to File an Amended Petition" (Exhibit T) on March 30, 2008.  The PCR court denied the motion/petition on May 28, 2008, as untimely and based on Arizona's waiver/preclusion bars.  (Exhibit U, M.E. 5/28/08.)

Respondents' Answer alleges, Petitioner does not deny, and the PCR court's docket reflects, that no review was sought on this proceeding.  (*See* Answer, Doc. 11 at

---

[2] The filing and issuance date of such rulings are often days apart.  *See e.g.* Exhibit L, M.E. 8/6/01 (filed 8/15/01); Exhibit O, M.E. 2/1/05 (filed 2/3/05); Exhibit Q, M.E. 4/12/07 (filed 4/19/07).

4

7; Reply, Doc. 12; and Exhibit M, Docket at 4.)  The undersigned finds no review was sought.

**Sixth PCR** – Petitioner commenced his sixth PCR proceeding by filing a "Motion: Grant Writ of Habeas Corpus" (Exhibit V) on July 15, 2008.  The PCR court denied the motion/petition on August 5, 2008, as untimely and based on Arizona's waiver/preclusion bars.  (Exhibit W, M.E. 8/5/08.)

Respondents' Answer alleges, Petitioner does not deny, and the PCR court's docket reflects, that no review was sought on this proceeding.  (*See* Answer, Doc. 11 at 8; Reply, Doc. 12; and Exhibit M, Docket at 4.)  The undersigned finds no review was sought.

**Seventh PCR** – Petitioner commenced his seventh PCR proceeding by filing a "Motion to Vacate Sentencing" (Exhibit X) on October 26, 2009.[3]  The PCR court denied the motion/petition on March 12, 2010, as untimely and based on Arizona's waiver/preclusion bars.  (Exhibit Y, M.E. 3/12/10.)

Some nine months later, on January 18, 2011, Petitioner filed a Petition for Review (Exhibit Z).  The petition was dismissed on January 26, 2011 as untimely. (Exhibit AA, Order 1/26/11.)


**D.  PETITION FOR SPECIAL ACTION**

On or after June 3, 2011, Petitioner filed a Petition for Special Action with the Arizona Supreme Court, asserting a claim of ineffective assistance at trial.  (Petition, Doc. 1, Exhibits, at Petition for Special Action.)  On September 27, 2011, the Arizona Supreme Court summarily declined to accept jurisdiction. (*Id.* at Order 9/27/11.)


**E.  PRIOR FEDERAL HABEAS PROCEEDING**

Petitioner alleges that he previously filed a habeas petition in this District.

---

[3] The PCR Court identified this as Petitioner's "sixth Rule 32 petition."  (Exhibit Y, M.E. 3/12/10 at 1.)  However, the prior petition had been identified as Petitioner's "sixth Rule 32 proceeding."  (Exhibit W, M.E. 8/5/08 at 1.)

(Petition, Doc. 1 at 10.)  The undersigned has not been able to locate any such filing.

The undersigned has not sought clarification because Petitioner would not, in any event, be entitled to any tolling of his habeas limitations period by reason of any such federal filing.  *See Duncan v. Walker*, 533 U.S. 167 (2001) (statutory tolling only applies to state applications).

## F.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on July 5, 2013 (Doc. 1).  Petitioner's Petition asserts a single ground for relief, that he was denied effective assistance of counsel, because he was never advised of a plea offer.

**Response** - On December 9, 2013, Respondents filed their Response ("Limited Answer") (Doc. 11).  Respondents argue the petition is barred under the habeas statute of limitations, and that Petitioner has procedurally defaulted his state remedies on his federal claims.

**Reply** - On January 2, 2014, Petitioner filed a Reply (Doc. 12).  Petitioner argues the merits of his claims.

## III. APPLICATION OF LAW TO FACTS

## A.  TIMELINESS

## 1.  One Year Limitations Period

Respondents assert that Petitioner's Petition is untimely.  As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress provided a 1-year statute of limitations for all applications for writs of habeas corpus filed pursuant to 28 U.S.C. § 2254, challenging convictions and sentences rendered by state courts.  28 U.S.C. § 2244(d).  Petitions filed beyond the one year limitations period are barred and must be dismissed.  *Id.*

//

**2.  Commencement of Limitations Period**

**Conviction Final** - The one-year statute of limitations on habeas petitions generally begins to run on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4]

Here, Petitioner's direct appeal remained pending through December 5, 2000, when the Arizona Supreme Court denied his Petition for Review.  (Exhibit H, Order and Mandate.)

It is well established in the Ninth Circuit that for purposes of 28 U.S.C. § 2244, "direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. *See Bowen v. Roe*, 188 F.3d 1157, 1158 (9th Cir.1999).  The rules of the Supreme Court of the United States, requires that a petition for a writ of certiorari be filed "within 90 days after entry of the order denying discretionary review." U.S.S.Ct. R. 13(1). Accordingly, because Petitioner did not file a petition for a writ of certiorari, his conviction became final on Monday, March 5, 2001, 90 days after the Arizona Supreme Court denied review.

**New Rule** – Petitioner argues in his Reply that his Petition should be considered timely because it is based on new rules adopted by the U.S. Supreme Court in "Cooper, Frye, Martinez 2012 U.S. Supreme Court."  (Petition, Doc. 1 at 11.)  Respondents construe the first two as references to *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 566 U.S. ___, 132 S.Ct. 1399 (2012).  (Answer, Doc. 11 at 10, n. 3.)   Petitioner does not oppose this construction.   The third appears to be a reference to the decision in *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).

The habeas limitations statue provides a later commencement date of "the date on

---

[4]  Later commencement times can result from a state created impediment, newly recognized constitutional rights, and newly discovered factual predicates for claims.  *See* 28 U.S.C. § 2244(d)(1)(B)-(D).  Except as discussed hereinafter, Petitioner proffers no argument that any of these apply.

which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C).

*Martinez* is inapposite to Petitioner's claims.  In *Martinez* the only new principle adopted by the Court was that a habeas petitioner could establish cause to excuse a procedural default on a claim of ineffective assistance of trial counsel by establishing that his PCR counsel in his first PCR proceeding was ineffective in raising the claim and that the PCR proceeding was his first opportunity to do so.  Here, Petitioner's procedural default is irrelevant to the timeliness of this petition, and *Martinez* is not necessary to support the merits of his claim of ineffective assistance of trial counsel.

In *Lafler v. Cooper*, the Court did address a comparable claim of ineffective assistance in advising a defendant to reject a plea offer.  In  *Frye*, the Court addressed a claim that counsel was ineffective in failing to communicate a plea offer.  However, the Ninth Circuit has already ruled, in the context of rejecting a federal prisoner's habeas petition under 28 U.S.C. § 2255, that neither *Cooper* nor *Frye* "decided a new rule of constitutional law," but merely applied "an established rule."  *Buenrostro v. U.S.*, 697 F.3d 1137, 1140 (9th Cir. 2012).

Moreover, even assuming they established a new constitutional right, § 2244(d)(1)(C) requires that such a new right be made "retroactively applicable to cases on collateral review."   Petitioner points to no decision making *Cooper*  or *Frye* retroactively applicable.  The undersigned knows of none.

Thus, Petitioner's claim in his Petition is not founded on a constitutional right within the purview of 28 U.S.C. § 2244(d)(1)(D), and the finality of his conviction remains the proper commencement date for his habeas limitations period.

**Conclusion re Commencement** - Therefore, Petitioner's one year began running on March 6, 2001, and without any tolling expired on March 5, 2002, making his July 5,

2013 Petition over eleven years delinquent.[5]

### 3. Statutory Tolling

The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  This provision only applies to state proceedings, not to federal proceedings.  *Duncan v. Walker*, 533 U.S. 167 (2001).

Petitioner's limitations period commenced running on March 6, 1001. Petitioner's First PCR proceeding were commenced on May 17, 2000, before his limitations period began running.  It remained pending until August 6, 2001, when the PCR court dismissed the proceeding.  (Exhibit L, ME. 8/6/01.)  Thus, Petitioner's habeas limitations period was tolled from its commencement through August 6, 2001, roughly five months.  It commenced running again on August 7, 2001, and expired one year later on August 6, 2002.

Petitioner's next PCR proceeding was not commenced until March 12, 2003, when Petitioner filed his second PCR petition.  At that time, his one year had been expired for over seven months.  Once the statute has run, a subsequent post-conviction or collateral relief filing does not reset the running of the one year statute.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).   Accordingly, Petitioner has no statutory tolling resulting from his second PCR proceeding, or from his third, fourth, fifth, sixth or seventh PCR proceedings, or from his Petition for Special Action, and his limitations period expired on August 6, 2002.

Consequently, Petitioner's habeas petition was almost eleven years delinquent.

### 4. Equitable Tolling

"Equitable tolling of the one-year limitations period in 28 U.S.C. § 2244 is

[5] Petitioner's habeas Petition is dated July 1, 2013. (Petition, Doc. 1 at 11.)  Even if this Court were to find that the Petition should be deemed filed as of that date rather than July 5, 2013, four days would not be sufficient to make Petitioner's Petition timely.

9

available in our circuit, but only when 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time' and 'the extraordinary circumstances were the cause of his untimeliness.'"  *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).

> To receive equitable tolling, [t]he petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way. The petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances ma[de] it impossible to file a petition on time.

*Ramirez v. Yates,* 571 F.3d 993, 997 (9th Cir. 2009) (internal citations and quotations omitted).  "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.' " *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002)  (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir.).  Petitioner bears the burden of proof on the existence of cause for equitable tolling.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

Petitioner does not proffer any grounds for equitable tolling, and the undersigned finds none.

**5.  Actual Innocence**

To avoid a miscarriage of justice, the habeas statute of limitations in 28 U.S.C. § 2244(d)(1) does not preclude "a court from entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence."  *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1935 (2013).   To invoke this exception to the statute of limitations, a petitioner "'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  This exception, referred to as the "*Schlup* gateway," applies

"only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Id.*   at 1936 (quoting *Schlup,* 513 U.S. at 316).

Petitioner makes no such claim of actual innocence in this proceeding.

## 6.  Summary re Statute of Limitations

Taking into account the available statutory tolling, Petitioner's one year habeas limitations period commenced running on August 7, 2001, and expired on August 6, 2002, making his July 5, 2013 Petition almost 11 years delinquent.  Petitioner has shown no basis for additional statutory tolling, and no basis for equitable tolling or actual innocence to avoid the effects of his delay.  Consequently, the Petition must be dismissed with prejudice.

## B.  OTHER DEFENSES

Respondents also assert that Petitioner has procedurally defaulted on his state remedies on his claims.  Because the undersigned finds the petition plainly barred under the statute of limitations, this other defense is not reached.

## IV.  CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will

result in Petitioner's Petition being resolved adversely to Petitioner.   Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."   *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).   "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds.  To the extent that Petitioner's claims are rejected on procedural grounds, under the reasoning set forth herein,  the undersigned finds that "jurists of reason" would not "find it debatable whether the district court was correct in its procedural ruling."   Accordingly, to the extent that the Court adopts this Report & Recommendation as to the Petition, a certificate of appealability should be denied.

## V.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed July 5, 2013 (Doc.  1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, to the extent the foregoing recommendations are adopted in the District Court's order, a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

1/27/2014

Dated: January 27, 2014

13-1361r RR 14 01 23 on HC.docx

James F. Metcalf
United States Magistrate Judge